Idslet, J.
It appears from tho record that on the 18th December, i860, the plaintiff shipped at New Orleans, as pilot on hoard tho Andy Fulton, hound on a voyage to Bayou Mat; on. Tho boat had proceeded up tho bayou as far as Dunn’s landing, when, on the 23d of tho same month, tho plaintiff loft her, in consequence oí a remark made by the captain, to this effect : “I suppose you know wages are stopped while we lay here, waiting to see whether wo will go up or down. If the bayou rises, wo will go up; if not, wc will go back, and will board you on tlic boat a few days. ”
Tho plaintiff alleges that ho is entitled at least to one month’s wages, and that (having received sixty dollars) there is still duo to him two hundred and forty dollars; and ho further says, that at the place at which he was discharged, it was impossible to obtain any conveyance to return lo Now Orleans, and lie was compelled to travel twenty-live miles, ton on a raft and fifteen on foot, to reach the Mississippi river. That his sufferings were very great, and he arrived at Waterproof completely exhausted, in consequence of all which ho claims seven hundred and forty dollars damages.
Tho defendants pleaded a general denial, and set up a special defense.
The case was submitted to a jury, who found a verdict for the plaintiff for two hundred and forty dollars, with legal interest and costs) and from a judgment thereupon rendered tho defendants have appealed.
Tho plaintiff’s wages wore rated on the books of the boat at three hundred dollars per month, but the testimony leaves it doubtful whether tho hiring at that rate was'by the month or by the voyage, or for the time only that the services wore rendered.
Tho plaintiff, however, put his own'construction upon it-; for, considering himself discharged by the. captain, he applied for and received, from, the *179 officers of the boat payment for his services for tlie exact amount computed by tho time lie had rendered services upon tho boat, and this without objection or complaint.
Employed subsequently in the same manner, and in the same capacity upon the same boat at the. same rated wages, ((!. O. 1951) ho received for nine days’ services, ninety dollars. If tho remark made by tho captain was really a discharge or intended as a modification of any other or different contract, it was acquiesced in by tho plaintiff.
In any contingency, no action lay, because no steps wore taken by tin: plaintiff to put the defendants in default. 1907 O.O. Rut this was not resorted to, because the plaintiff was satisfied that there was no unexecuted existing contract, and tho bringing of the present suit was, as we think, an afterthought.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court bo, annulled, avoided and reversed, and it is further ordered that tho judgment bo and it is hereby rendered in favor of the defendants and against the plaintiff, with costs in both cqui'ts,